UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MITCH HAYDEN,

       Plaintiff,                  CIVIL ACTION NO. 08-12044

vs.                                 MAGISTRATE JUDGE DONALD A. SCHEER

PONTIAC POLICE OFFICER GREEN,

       Defendant.
_____/

## MEMORANDUM OPINION AND ORDER

**MEMORANDUM**: Defendant's Motion for Summary Judgment is DENIED, as Plaintiff has submitted sufficient evidence to create a triable issue of fact on the issue of excessive and unnecessary force.

\* \* \*

     Plaintiff, by and through retained counsel, filed the instant Complaint in the Oakland County Circuit Court against Dwight Green, a Pontiac, Michigan police officer. The matter was removed to federal court on May 9, 2008. In his Complaint, Plaintiff alleged that he was physically assaulted by Defendant Green while being apprehended and detained on February 10, 2008, without cause and in an attempt to inflict cruel and unusual punishment. Plaintiff asserted that he was not being assaultive towards the police officer and therefore the use of such force against him was excessive. Plaintiff added that the unreasonable force used against him by Defendant Green caused him to suffer shoulder and back injuries, and he sought compensatory and punitive damages.

     Defendant Green filed a Motion for Summary Judgment on February 27, 2009, based upon qualified immunity and a failure to state a claim of excessive use of force. In

a deposition taken in November 2008, (attached as Exhibit C of Defendant's Motion for Summary Judgment) Officer Green denied that he physically assaulted Plaintiff, verbally abused him, or ignored timely requests for medical attention. The policeman claimed that he used reasonable force to prevent Plaintiff from fleeing after Plaintiff allegedly refused an order to exit his vehicle.

Plaintiff had been suspected of being a hit and run driver after he left the scene of an automobile collision earlier that day. Plaintiff admitted that he had not waited for the police following the collision. He maintained that he left the scene because he had to take a passenger in his car to the hospital for treatment of injuries sustained in the accident. Defendant Green later observed Plaintiff's vehicle at the emergency entrance to the hospital, and he positioned his police car to block Plaintiff from exiting the hospital's parking area. When Plaintiff allegedly refused a direct order to get out of his automobile, Defendant Green pulled Plaintiff from the vehicle and threw him to the ground. Defendant Green submitted a DVD, from a video camera mounted on his police cruiser, that captured the officer pulling Plaintiff from the vehicle (See Exhibit A, attached to Defendant's Motion for Summary Judgment).

Plaintiff filed a response to Defendant's Motion for Summary Judgment on March 25, 2009, reiterating the allegations in his Complaint. He claimed that the police officer was not entitled to qualified immunity for his actions because he should have known that the use of excessive force to detain someone is unlawful. After forcibly ejecting Plaintiff from his vehicle, Defendant Green only issued him a traffic ticket for causing the automobile collision by failing to yield the right of way. Plaintiff argues that he was never criminally charged with leaving the scene of the accident. Plaintiff submitted disposition testimony, the traffic

citation, and the accident report completed by Defendant to support his position. The parties presented oral arguments at a motion hearing held on May 6, 2009.

EXCESSIVE FORCE

Where an excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protection of the Fourth Amendment, which guarantees citizens the right to be secure in their persons against unreasonable seizures. With respect to the claim of excessive force, under § 1983, the Supreme Court has held in Graham v. Connor, 490 U.S. 386 (1989):

> Because 'the test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application' . . ., however, its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.
>
> P. 396
>
> [T]he 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.
>
> P. 397

Accord, Washington v. Newsome, 977 F.2d 991 (6th Cir. 1992).

Plaintiff has a colorable Fourth Amendment claim of excessive force. Whether a police officer must respond in damages for his actions is judged by whether his conduct was reasonable, considering all the circumstances, and by whether he acted in good faith. A police officer's stated good faith belief in the necessity or wisdom of his action is not dispositive of that element of the defense, but must be supported by objective evidence.

3

Glasson v. City of Louisville, 518 F.2d 899, 909 (6th Cir.), cert. denied, 423 U.S. 930 (1975).

In responding to Defendant's dispositive motion, Plaintiff has demonstrated that the police officer may have acted in such a way that his conduct could be characterized by a reasonable fact finder as obdurate or wanton at the time of his detention. Plaintiff has submitted proof, in the form of deposition testimony and narrative reports, that have confirmed that he suffered injuries during or following his apprehension. The evidence that Plaintiff has suffered permanent and severe injuries as a result of being thrown to the ground by Defendant would suggest that unreasonable force may have been applied. Moreover, the lack of an apparent threat posed by Plaintiff to Defendant Green, or to others present at the scene of the confrontation, may allow a fact finder to reasonably find that there was no need of any force by the officer against the motorist. Genuine issues of fact remain unresolved whether Defendant Green made an honest and good faith effort to neutralize a potential threat and restore control, or whether his true purpose was causing Plaintiff harm.

Rule 56(e) of the Federal Rules of Civil Procedure provides, in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Cf. Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986); Anderson, v. Liberty Lobby, Inc., 477 U.S. 242, 248-250 (1986).

2:08-cv-12044-GER-PJK   Doc # 26   Filed 07/10/09   Pg 5 of 5   Pg ID 253

Plaintiff has presented sufficient facts to demonstrate that there is a genuine issue of fact for trial. Therefore, I am persuaded that Defendant Green's Motion for Summary Judgment should be denied.

For the foregoing reasons, Defendant's Motion for Summary Judgment is DENIED and the matter set for trial on the unresolved issues of fact presented herein.  The parties are hereby notified that a scheduling conference will be held on August 24, 2009, Room 648, at 10:00 a.m. in preparation of such trial. The Report and Recommendation, mistakenly entered on July 10, 2009, is hereby WITHDRAWN.


                               s/Donald A. Scheer  
                               DONALD A. SCHEER  
                               UNITED STATES MAGISTRATE JUDGE  
DATED: July 10, 2009

_____

### CERTIFICATE OF SERVICE

I hereby certify on July 10, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on July 10, 2009: **None.**

                               s/Michael E. Lang  
                               Deputy Clerk to  
                               Magistrate Judge Donald A. Scheer  
                               (313) 234-5217

5