UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MITCH HAYDEN,

       Plaintiff,                CIVIL ACTION NO. 08-12044

                                      DISTRICT JUDGE GERALD E. ROSEN
vs.                                   MAGISTRATE JUDGE DONALD A. SCHEER

PONTIAC POLICE OFFICER GREEN,

       Defendant.
_____/

## SUPPLEMENTAL MEMORANDUM OPINION AND ORDER

MEMORANDUM: Defendant's Motion for Rehearing and Reconsideration is GRANTED, in part. Upon consideration of his qualified immunity argument, I find that he is not entitled to dismissal based on qualified immunity.

                                                \*    \*    \*

Plaintiff, by and through retained counsel, filed the instant Complaint in the Oakland County Circuit Court against Dwight Green, a Pontiac, Michigan police officer. The matter was removed to federal court on May 9, 2008. In his Complaint, Plaintiff alleges that he was physically assaulted by Defendant Green while being apprehended and detained on February 10, 2008, without cause and in an attempt to inflict cruel and unusual punishment. Plaintiff asserts that he was not being assaultive towards the police officer and therefore the use of such force against him was excessive. Plaintiff claims that the unreasonable force used against him by Defendant Green caused him to suffer shoulder and back injuries, and he seeks compensatory and punitive damages.

Defendant Green filed a Motion for Summary Judgment on February 27, 2009, based upon qualified immunity and a failure to state a claim of excessive use of force. In a Memorandum and Order dated July 10, 2009, Defendant's motion was denied, based upon my finding that Plaintiff submitted sufficient evidence to create a triable issue of fact on the issue of excessive and unnecessary force. Defendant has filed a Motion for Rehearing and Reconsideration on July 16,2009, correctly contending that he is entitled to a ruling on the issue of his defense of qualified immunity, based on the factual evidence. While I agree that the issue of qualified immunity should be addressed, I am persuaded that the Defendant is not entitled to dismissal based on his qualified immunity defense.

## **QUALIFIED IMMUNITY STANDARD**

Government officials who perform discretionary functions are generally entitled to qualified immunity, and are protected from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The Sixth Circuit uses a tripartite standard of review of qualified immunity claims. Williams v. Mehra, 186 F.3d 685, 691 (6th Cir. 1999). First, the court must determine whether the Plaintiff has demonstrated a violation of a constitutionally protected right. Second, the court must decide whether that right was clearly established at the time the events of the particular case occurred, such that a reasonable official would have understood that his behavior violated that right. Finally, the court must decide whether the Plaintiff has alleged sufficient facts, and supported his allegations by specific evidence, to indicate that what the official allegedly did was objectively unreasonable in light of his clearly established rights. Sample v. Bailey, 409 F.3d 689, 696-97 (6th Cir. 2005).

When a defendant raises qualified immunity as a defense, the plaintiff bears the burden of demonstrating that the defendant is not entitled to that defense.  Baker v. City of Hamilton, 471 F.3d 601, 605 (6th Cir. 2006).  Claims of immunity are analyzed on a fact specific, case by case basis to determine whether a reasonable official in the defendant's position could have believed that his conduct was lawful, in light of clearly established law and the information he possessed.  Feathers v. Aey, 319 F.3d 843, 848 (6th Cir. 2003).  This is not a negligence standard.  The United States Supreme Court has unambiguously stated that qualified immunity provides protection to "all but the plainly incompetent or those who knowingly violate the law."  Malley v. Briggs, 475 U.S. 335, 341 (1986).

## ANALYSIS AND DISCUSSION

As to the first step of the qualified immunity analysis, I am satisfied that Plaintiff has asserted a colorable claim of excessive force.  Plaintiff has presented evidence that Defendant acted in such a way that his conduct could be characterized by a reasonable fact finder as obdurate or wanton.  Deposition testimony and narrative reports indicate that he suffered injuries during his apprehension.  Evidence that Plaintiff has suffered permanent and severe injuries as a result of being thrown to the ground by Defendant would suggest that unreasonable force may have been applied.  Moreover, the lack of an apparent threat posed by Plaintiff to Defendant Green, or to others present at the scene of the apprehension, may allow a fact finder to reasonably find that there was no need of any force by the officer against him.

The Fourth Amendment expressly grants protection against the unreasonable seizure of one's person.  Our circuit has repeatedly recognized a person's right to be free from excessive force during an arrest.  Solomon v. Auburn Hills Police Dept., 389 F.3d 167,

173 (6th Cir. 2004). I am satisfied that the right is clearly established and that the contours of the protection are well defined by extensive judicial application.

To complete the analysis, the court must determine "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation confronted." Solomon, supra (389 F.3d at 173, quoting Saucier, 533 U.S. at 202). In an excessive force case, this inquiry is an objective one. "Discerning reasonableness 'requires a careful balancing of . . . the individual's Fourth Amendment interests against the countervailing a governmental interests at stake.'" Solomon, 389 F.3d at 173-74 (citing Graham v. Connor, 490 U.S. 386, 396 (1989)). In evaluating the reasonableness of the officer's conduct at the scene, the court must be mindful that police officers often are required to make split second judgments, under the pressure of rapidly evolving events. The qualified immunity analysis "must be undertaken in light of the specific context of the case." Livermore X-Rel Rohm v. Lubelan, 476 F.3d 397, 403 (6th Cir. 2007) (quoting Saucier, 533 U.S. at 201). The inquiry is not made with 20/20 hindsight. It does not require that an officer, to be reasonable, must be a constitutional law scholar. Saucier, 533 U.S. at 205. The officer will be immune "if offic[ials] of reasonable competence could disagree" on whether the conduct violated the plaintiff's rights. Malley v. Briggs, 475 U.S. 335, 341 (1986); Gean v. Hattaway, 330 F.3d 758, 767 (6th Cir. 2003).

In determining objective reasonableness in the context of an excessive force case, the court must consider several factors. It "should pay particular attention to 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest

**4**

by flight.'" Burchett v. Kiefer, 310 F.3d 937, 944 (6th Cir. 2002).  The analysis may also be dependent, in part, on the demeanor of the suspect.  Solomon, 389 F.3d at 174.

In the case at bar, Plaintiff was under suspicion of having left the scene of a relatively minor traffic accident.  Defendant correctly suspected that he might be found at the hospital.  As depicted in the videotape exhibit, Officer Green encountered Plaintiff as he was departing the hospital emergency room area.  Initially, both Hayden and Green were inside their vehicles, which were on opposing courses on the drive leading from the emergency room entrance.  When Plaintiff's vehicle came to a stop, Green got out of the police car, leaving the driver's door open as a barrier to Plaintiff's further progress.  Plaintiff remained in his stopped vehicle as Green approached it, opened the driver door and immediately grasped Plaintiff's clothing.  Hayden, who was in a seatbelt and gripping the steering wheel, was then pulled from the vehicle with such force that he was thrown to the pavement.  At that point, he was outside the camera view.  The videotape has no audio component, and thus does not reveal whether there was any verbal exchange between the officer and the Plaintiff prior to the latter being thrown from the car.  It is reasonable to conclude that Plaintiff had his foot on the brake pedal until he was removed from the driver's seat, as his vehicle then resumed its forward motion, unattended, colliding with the open door of Green's police cruiser and continuing on until the officer chased it and brought it to a stop. According to Plaintiff's testimony, he rose from the pavement during Green's pursuit of the runaway car, only to be forcibly thrown to the ground a second time.

Qualified immunity serves "to protect officers from the sometimes 'hazy border between excessive and acceptable force.'"  Saucier, 533 U.S. at 206 (citing Priester v. Rivera Beach, 208 F.3d 919, 926-27 (11th Cir. 2000)).  An officer who makes an objectively

reasonable mistake as to the amount of force necessary under the circumstances before him should be entitled to qualified immunity. Greene v. Barber, 310 F.3d 889, 894 (6th Cir. 2002). In my view, however, the evidence in this case does not present an ambiguous situation. Plaintiff's vehicle had come to a stop, and the open driver door of the police cruiser blocked its path. Plaintiff's vehicle remained in position as Officer Green approached it. The videotape has no sound component, but the video portion reveals little opportunity for discussion. Green proceeded directly to Plaintiff's car, opened the door and immediately threw him to the pavement. I conclude that no reasonable officer would find that the circumstances warranted such action. It is worthy of note that Hayden was not cited for resisting, impeding or evading arrest.

For all of the above reasons, Defendant's Motion to Reconsider is granted, in part, in that the court should have addressed his qualified immunity argument in the earlier Order. Upon consideration of Defendant's substantive arguments, however, I find that he is not entitled to qualified immunity, and that his Motion for Summary Judgment must be denied and the matter set for trial on the unresolved issues of fact presented.

                                           s/Donald A. Scheer
                                           DONALD A. SCHEER
                                           UNITED STATES MAGISTRATE JUDGE

DATED: August 6, 2009

_____

**CERTIFICATE OF SERVICE**

I hereby certify on August 6, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 6, 2009: **None.**

                                           s/Michael E. Lang
                                           Deputy Clerk to
                                           Magistrate Judge Donald A. Scheer
                                           (313) 234-5217